UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAYMUNDO LUJANO-ARREGUIN, | Case No. 5:14-cv-04249-PSG |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| ERIC HOLDER, et al., | **(Re: Docket No. 10)** |
| Defendants. | |

Plaintiff Raymundo Lujano-Arreguin is a noncitizen undergoing removal proceedings.[1] Lujano filed this suit against Defendants Eric Holder, Attorney General of the United States,[2] United States Department of Homeland Security[3] and United States Citizenship and Immigration Services by a petition for writ of habeas corpus. Lujano alleges that his placement in removal

---

[1] Lujano's removal proceedings were triggered by an entry on his citizenship application disclosing a prior conviction for domestic violence. *See* 8 U.S.C. § 1227(a)(2)(E). Lujano's citizenship application remains open pending a final decision as to the removal proceedings. *See* 8 U.S.C. § 1429 ("No application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding"); *Perdomo–Padilla v. Ashcroft*, 333 F.3d 964, 970 (9th Cir. 2003) ("The natural reading of [§ 1429] is that removal proceedings and final removal orders are to take precedence over naturalization applications").

[2] Although 8 U.S.C. § 1421 confers upon the Attorney General "sole authority to naturalize persons as citizens," as of March 1, 2003, United States Citizenship and Immigration Service assumed all responsibility for adjudication of naturalization petitions and related discretion formerly vested in the Attorney General. *See* 6 U.S.C. § 271(b). Therefore, although the Attorney General has chosen to represent USCIS in this case, its office is not directly liable for any of Lujano's claims.

[3] *See* Docket No. 1-1 at 28. DHS was responsible for initiating and serving notice of removal proceedings upon Lujano.

1

Case No. 5:14-cv-04249-PSG
ORDER GRANTING MOTION TO DISMISS

proceedings—in the absence of a determination on his eligibility for naturalization—was a violation of due process and an unlawful agency action under the Administrative Procedures Act.

Because Lujano is not detained or in custody, he cannot seek relief through a habeas petition and this court lacks subject-matter jurisdiction. Defendants' motion to dismiss is GRANTED with leave to amend.

## I.

Before bringing this federal action, Lujano filed a motion to terminate removal proceedings with the immigration court in order to pursue his pending naturalization application.[4] DHS opposed the motion, arguing that the immigration judge has limited authority to grant termination where, as here, Lujano's eligibility for naturalization has not yet been established.[5] In response, Lujano requested that the IJ issue an order compelling USCIS to address the merits of his eligibility for naturalization.[6] The IJ denied both motions for lack of jurisdiction, on the grounds that USCIS has discretion over naturalization applications and that the IJ does not have the authority to compel USCIS to issue a statement on eligibility.[7]

Although Lujano is aware that removal proceedings take precedence over pending naturalization applications and that USCIS has sole authority over naturalization applications,[8] he nevertheless brought this suit, as a petition for writ of habeas corpus. He asserts two causes of action: (1) Defendants violated his due process rights by declining to make a determination on his prima facie eligibility for naturalization prior to placing him in removal proceedings, and (2) such

---

[4] *See* Docket No. 1-1 at 69.

[5] *See id.* at 73; 8 C.F.R. § 1239.2(f) ("An immigration judge may terminate removal proceedings to permit the alien to proceed to a final hearing on a pending application or petition for naturalization when the alien has ***established prima facie eligibility*** for naturalization and the matter involves exceptionally appealing or humanitarian factors") (emphasis added).

[6] *See* Docket No. 1-1 at 83.

[7] *See id.* at 80, 85; *Matter of Hidalgo*, 24 I&N Dec. 103, 103 (BIA 2007) (holding that removal proceedings may only be terminated after USCIS has presented an affirmative communication attesting to an alien's prima facie eligibility for naturalization); *see also* 8 U.S.C. § 1421(a) ("The sole authority to naturalize persons as citizens of the United States is conferred upon the [DHS and USCIS]").

[8] *See* Docket No. 12 at 3.

omission was unlawful under the APA.[9]

## II.

The parties consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a). Under Fed. R. Civ. P. 12(b)(1), a case must be dismissed when, considered in its entirety and on its face, the complaint fails to establish subject matter jurisdiction.[10] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference and matters of which the court may take judicial notice.[11] The plaintiff bears the burden of establishing subject matter jurisdiction.[12] The court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[13] However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact or unreasonable inferences.[14]

## III.

This court lacks subject matter jurisdiction because Lujano improperly filed this suit as a petition for writ of habeas corpus under 28 U.S.C. § 2241.[15] He may not do so while he is neither detained nor in custody.[16] Where the plaintiff is not subject to detention, the Ninth Circuit has held

---

[9] *See id*. at 4; 5 U.S.C. § 706(2)(A) (the court may "hold unlawful and set aside agency action . . . found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law").

[10] *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

[11] *See id.*; *see also Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[12] *In re Wilshire Courtyard*, 729 F.3d 1279, 1284 (9th Cir. 2013).

[13] *See Metzler Inv. GMBH*, 540 F.3d at 1061; *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (finding that the court resolves a facial attack as it would a 12(b)(6) motion to dismiss).

[14] *See Lacano Investments, LLC v. Balash*, 765 F.3d 1068, 1071-72 (9th Cir. 2014); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007) ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[15] *See* Docket No. 1 at 1.

[16] *See* 28 U.S.C. § 2241(c) ("The writ of habeas corpus shall not extend to any ***prisoner*** unless he is in ***custody*** . . . or it is necessary to bring him into court") (emphasis added).

dismissal of a habeas petition proper.[17]  Further, the Supreme Court has emphasized that habeas jurisdiction is a limited remedy for individuals in custody challenging "severe restraints on individual liberty."[18]

In *Hensley*, the plaintiff—though at large—was effectively in custody for purposes of habeas relief because he was not free to come and go, he had exhausted all judicial remedies to obtain a stay of his incarceration and the authorities had declared that they would seize him the moment the stay was removed.[19]  Here, Lujano does not face the same restraints or threats of restraint because he is not detained and the merits of his case have yet to be reviewed by the IJ at a removal hearing.  While Lujano accurately states in his pleadings that habeas petitions may be used to "challeng[e] Executive interpretations of immigration law,"[20] this challenge still must be brought by or on behalf of a detained alien.[21]

## IV.

Defendants' motion to dismiss is GRANTED.[22]  Dismissal with leave to amend is only appropriate if it is clear that the complaint could not be saved by amendment.[23]  Because the court is not yet persuaded that amendment would be futile, leave to amend is GRANTED.  Any amended pleadings shall be filed within 21 days.

---

[17] *See Moore v. Nelson*, 270 F.3d 789, 792 (9th Cir. 2001) (affirming district court's dismissal of habeas petition because plaintiff failed to meet the "detention requirement").

[18] *See Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973).

[19] *Id.*

[20] *See* Docket No. 12 at 11; *INS v. St. Cyr*, 533 U.S. 289, 306-07 (2001) (appealing Board of Immigration Appeals' final order of removal).

[21] *See St. Cyr*, 533 U.S. at 306-07.  *Cf. Yellin v. United States*, 374 U.S. 109, 111 (1963) (filing suit after sentenced to four years imprisonment); *Accardi v. Shaughnessy*, 347 U.S. 260, 263 (1954) (filing habeas petition four days before scheduled deportation); *Bridges v. Nixon*, 326 U.S. 135, 140 (1947) (filing suit from custody to challenge detention); *Singh v. Gonzalez*, 499 F.3d 969, 973-74 (9th Cir. 2007) (challenging final order of removal and alleging unlawful detention); *Perez-Lastor v. INS*, 208 F.3d 773, 775 (9th Cir. 2000) (appealing denial of asylum); *Magano-Pizano v. INS*, 200 F.3d 603, 606 (9th Cir. 1999) (appealing final order of removal); *Antonio-Cruz v. INS*, 147 F.3d 1129, 1130 (9th Cir. 1998) (appealing denial of request for voluntary departure).

[22] The court does not reach the merits of Defendants' motion under Fed. R. Civ. P. 12(b)(6).  *See Potter v. Hughes*, 546 F.3d 1051, 1056 n.2 (9th Cir. 2008).

[23] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**SO ORDERED.**

Dated: April 21, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge